### EDMUND A. CLOUTIER vs. OSIAS J. GIGUERE.

Kennebec County. Decided January 12, 1931. This is an appeal from a decree of a single Justice dismissing the plaintiff's bill in equity. The bill was brought for an accounting. The plaintiff alleges that he was employed by the defendant to manage a department in his store, that he was to receive fifty per cent of the net profits after payment to himself of a salary of twenty-five dollars a week, and that the salary was subsequently raised to forty dollars a week. The defendant in his answer claims that the plaintiff was employed at a salary of twenty-five dollars per week, which was afterwards raised to forty dollars, but denies that there was ever any profit-sharing agreement, an accounting on which is asked for by the plaintiff.

The Justice, who heard the cause and had the opportunity to observe the witnesses who testified before him, filed a decree dismissing the bill, thereby sustaining the defendant's contention that there was no profit-sharing agreement. The evidence is conflicting but there is ample to justify the finding. Under the well established equity practice, such findings of fact will not be disturbed unless clearly incorrect. *Sposedo* v. *Merriman*, 111 Me., 530. Appeal dismissed. *Gordon F. Gallert*, for plaintiff. *F. Harold Dubord*, for defendant.

### L. M. LONGLEY & SON vs. GERTRUDE D. HAMMOND.

Oxford County. Decided January 12, 1931. The controversy in this case is over liability for work and materials used on farm property of the defendant. The questions were all of fact, and the only error on the part of the jury which the court perceives is failure to allow defendant a conceded credit of $2.20.

This error entitles defendant to a new trial, unless plaintiff within fifteen days from the filing of mandate files remittitur of the aforesaid amount. So ordered. *E. Walker Abbott*, for plaintiff. *Nicolaus Harillias*, for defendant.